### F. L. PREWITT v. T. O. DAY.

#### No. 61.

**1. Condition of Appeal Bond—Supersedeas and Cost Bonds.**

Question certified: Is a bond which does not bind the obligor in terms to perform the "*judgment of the Supreme Court or the Court of Civil Appeals*," or to pay all costs "*which may accrue in the Court of Civil Appeals and the Supreme Court.*" sufficient to authorize a judgment of affirmance on certificate? *Held*, that the use of the words "*appellate court*" in the bond, instead of the named courts, applies to the Court of Civil Appeals and to the Supreme Court. The bond is held sufficient, although not naming the appellate courts ..................... 167

**2. Appellate Courts.**

*Appellate court* means either court into which the judgment may be taken for revision; and when used in an appeal bond will embrace both the Court of Civil Appeals and the Supreme Court.............. 168

CERTIFIED QUESTION from Court of Civil Appeals for Second District, in an appeal from the County Court of Tarrant County.

STAYTON, CHIEF JUSTICE.—Appellant executed an appeal bond, conditioned " that the said F. L. Prewitt (appellant) shall prosecute his appeal with effect, and in case the judgment of the appellate court shall be against him, that he shall perform its judgment, sentence, or decree, and

pay all such damages as said court may award against him; and further conditioned, that the said F. L. Prewitt shall prosecute his appeal with effect, and shall pay all costs which have accrued in the court below (the County Court) or which may accrue in the appellate court in said cause;" and a Court of Civil Appeals certifies the question, whether on a bond so conditioned affirmance on certificate may be made.

The bond has the conditions required for supersedeas and costs bonds by the laws in force prior to the Act of April 13, 1892; but by that act it was provided, that supersedeas bonds should be "conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect, and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform its judgment, sentence, or decree, and pay all such damages as said court may award against him."

It provides that a cost bond shall be "conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect, and shall pay all the costs which have accrued in the court below and which may accrue in the Court of Civil Appeals and in the Supreme Court." Gen. Laws 1892, p. 44.

If there had been no change in the phraseology of the statute, it would not be contended that the bond was insufficient, because it was conditioned as both supersedeas and cost bonds were required to be; for both bonds might be given.

Bonds in which the conditions required in supersedeas bonds were in part only inserted, while some of the conditions required in cost bonds were also inserted, were held bad, because they were not conditioned as either class of bond was required to be.

We understand the question propounded to be, Is a bond which does not bind the obligor in terms to perform the judgment "of the Supreme Court or the Court of Civil Appeals," or to pay all costs "which may accrue in the Court of Civil Appeals and the Supreme Court," sufficient to authorize a judgment of affirmance on certificate?

We are of opinion that the words "appellate court" used in the bond apply to the Court of Civil Appeals and to this court as fully as though the words of the statute had been inserted, and that the bond binds its makers to perform any judgment, sentence, or decree, and to pay such damages as either of said courts may award as the final judgment on appeal, and that it binds them to pay all costs that may accrue and be adjudged against them by either of the appellate courts rendering final judgment on appeal.

"Appellate court" means either court into which the judgment may be taken for revision, and will embrace the Court of Civil Appeals and the Supreme Court.

It is the ultimate judgment of an appellate court that an appellant must

obligate himself to perform, and it is the damages to be awarded by the court rendering such a judgment that he and sureties must obligate themselves to pay. If such a judgment be rendered by a Court of Civil Appeals, that is the "appellate court" whose judgment he must perform and whose award of damages he must pay; but if the ultimate judgment be by the Supreme Court, then it is the "appellate court" whose judgment he must perform and award satisfy; and the certainty of the obligation is just as complete by the use of words "appellate court" as would it be were the words of the statute inserted in the bond.

The same is true when the bond is only to secure costs, for an appellant would not be liable for costs accruing in a Court of Civil Appeals if on writ of error the judgments of that court and of the trial court be reversed and the cause remanded, or judgment rendered in his favor; and a bond which secures the costs to be adjudged in the appellate court last exercising jurisdiction in the particular case is sufficient, and that court may be properly described as the "appellate court."

We think the conditions of the bond sufficient to authorize affirmance on certificate.

Delivered November 16, 1893.